UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NOVAK, | CASE NO. 1:08-cv-01756-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| G. JACKSON, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Joshua Novak ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. Plaintiff filed this action on November 17, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, where the events at issue in this action occurred. Plaintiff names Correctional Officers G. Jackson, Martinez, Hernandez, and Peese; Sergeant Nevarez; Appeals Coordinator C. Huckabay; Associate Warden M. C. Davis; Warden J. Yates; and Director M. Cate as defendants. Plaintiff is seeking damages and an injunction prohibiting harassment against him.

Plaintiff alleges that the defendants violated the Eighth Amendment of the United States Constitution by denying him access to the courts. Plaintiff also alleges a state law claim for negligent infliction of emotional distress.

**A.   Eighth Amendment Claim**

On February 8, 2008, Plaintiff was attacked by two other inmates while on Facility C of PVSP. Plaintiff was sent to administrative segregation and then rehoused on Facility B. At the time of the attack, Plaintiff was working on his federal habeas corpus petition with the help of another inmate. Pursuant to state regulations, Plaintiff's property should have been inventoried and stored following his placement in administrative segregation. Plaintiff alleges that Defendants Jackson, Martinez, and Hernandez violated policy by allowing another inmate to pack Plaintiff's property and by failing to inventory the property.

///

On February 26, 2008, Defendant Peese appeared with a small portion of Plaintiff's property. Among the items missing were Plaintiff's trial transcripts and his appellate work. Plaintiff's missing property was not recovered, and he was harassed by staff members for pursuing an inmate appeal on the issue.

In May of 2008, Plaintiff's former trial attorney provided him with a copy of his habeas petition filed with the California Supreme Court, but Plaintiff was unsuccessful in obtaining a copy of the trial transcript from his appellate counsel or the Santa Clara Superior Court. On June 6, 2008, one-hundred nine days after the AEDPA deadline, Plaintiff filed his habeas petition and requested relief from procedural default. The Court takes judicial notice of Novak v. Yates, 3:08-cv-03302-PGH (N.D. Cal.), a petition for writ of habeas corpus filed by Plaintiff in the United States District Court for the Northern District of California on July 9, 2008. Respondent Yates' motion to dismiss the petition as untimely is currently pending before that court.

Plaintiff alleges an Eighth Amendment claim arising from denial of access to the courts and infliction of emotional distress. "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

The loss of Plaintiff's personal and legal property does not give rise to a violation of the Eighth Amendment, regardless of the level of emotional distress Plaintiff suffered due to the impact on his ability to timely file his federal habeas petition.  The loss of property simply is not a condition so grave that it invokes the protections of the Eighth Amendment. Hudson, 503 U.S. at 9.  Because this deficiency is not capable of being cured through amendment, the claim shall be dismissed with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### 1.  Denial of Access to the Courts

Although Plaintiff does not plead a separate claim for denial of access to the courts, such a claim is appropriately addressed separately from Plaintiff's deficient Eighth Amendment claim.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  To prevail on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

///

Because Plaintiff has not yet suffered any actual injury to his ability to litigate his habeas petition, a claim for denial of access to the courts is not yet ripe. Plaintiff's claim is premature and will be dismissed without prejudice. Lopez, 203 F.3d at 1130.

### B.   State Law Negligence Claim

In addition to his federal claim, Plaintiff alleges a tort claim under California law. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff has failed to state any viable federal claims, he may not pursue his state law tort claim in this action. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). The Court expresses no opinion on the merits of the claim. It shall be dismissed without prejudice for lack of jurisdiction.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Because the deficiencies are not capable of being cured through amendment, this action is HEREBY DISMISSED in its entirety as follows:

1.   Plaintiff's Eighth Amendment claim is dismissed with prejudice;

2.   Plaintiff's claim for denial of access to the courts is dismissed without prejudice; and

///
///
///

3. Plaintiff's state law negligence claim is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:    February 12, 2009**                    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE